COSTELLO et al. v. I. RAVICH & SONS, Inc.

No. 5072.

District Court, E. D. New York.

Jan. 28, 1931.

Louis L. Ansart, of New York City (Perley H. Plant, of Providence, R. I., of counsel), for plaintiffs.

Jacob Manheim, of New York City (C. C. Cousins, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a patent suit brought for the alleged infringement of letters patent No. 1,753,310, issued April 8, 1930, to Henry O. Costello for an exercising ball and support therefor. The infringement is denied and invalidity alleged in the answer.

The invention relates to an exercising device which consists of a flexible head-band adapted to be adjusted to the head of the user of the apparatus, from which is suspended an inflated ball by means of an extensible cord. By attaching and adjusting the band to the head so that the elastic cord is positioned above and between the eyes, ball 16 may be struck by the user to drive it to the limit of its movement, as determined by the elastic cord 10, from which position it will be returned by the elasticity of such cord toward towards the face of the user and substantially along the line of vision, again

to be struck by the user. In this way a simple and inexpensive punching bag was devised by the inventor.

Claims 1, 5, and 7 are in issue. Those claims read as follows:

"1. A device of the character described comprising a strap to be secured to the head of the user and provided with a portion projecting outwardly from and in substantially the same horizontal plane with the remaining portion of said strap, and an inflated ball elastically supported from the forwardly projecting portion of said strap."

"5. An exercising apparatus comprising a flexible head-band, a supporting strip secured to that part of the head-band located above the eyes of the user and having a portion thereof located in proximity to a part of said head-band for supporting a ball, a longitudinally extensible member having one end secured to said ball supporting strip, and an inflated ball secured to the opposite end of said longitudinally extensible member and depending from said head-band whereby the ball upon being struck by the user will tend to move outwardly along a substantially straight path and will be returned directly towards the face of the user through longitudinal contraction of the longitudinally extensible member."

"7. In a device of the character described, a flexible head-band adapted to be secured to the head of the user, a longitudinally extensible elastic member, an inflated ball secured to one end of said longitudinally extensible elastic member, and means for securing the opposite end of said longitudinally extensible elastic member substantially directly to the said head-band at a point above and between the eyes of the user, whereby the ball upon being struck by the user will move outwardly from the face of the user and be returned directly towards the face of the user and substantially along the line of vision of the user through longitudinal elongation and contraction of said longitudinally extensible elastic member."

The defendant failed in its answer to set up any prior art, but was permitted by consent of the plaintiffs in open court to file a photostatic copy of the file wrapper and contents of Costello's application for letters patent. As bearing on the prior art, defendant also offered patent Nos. 1,543,346 and 1,-517,147. The defendant nevertheless, despite the privilege thus accorded it, fails in the brief to make any analysis of the alleged prior or state of the art shown in these pat-

260

ents, holding generally to the theory that the history of the application indicates that the plaintiffs must be strictly limited to what is defined in the claims. That may be granted.

I have, however, made an independent examination of the patents cited in the course of the prosecution of the application. They may be briefly analyzed.

Patent No. 1,459,705, to C. A. H. Bullock, is for an appliance for teaching or practicing golf. It shows a support to be attached to the head of the player, a rod attached at one end of said support, a flexible string attached to the outer end of the said rod, and a light ball suspended by and attached to the string. It is difficult to see how this patent could in any way suggest the use of a punching bag.

Patent No. 1,049,835, granted to C. L. Finney for a striking bag January 7, 1913. It is clear that this bag could not be manipulated by the user to give the same unobstructed view as is possible with the plaintiffs' structure. I think this patent has no bearing on the case.

■ British patent No. 18,403 of 1909, to Pirkis, is for a punching bag game. This patent and Tomlinson patent, No. 131,804 of 1919, also cited, being foreign patents must be construed strictly to establish anticipation. Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Carson v. American Smelting & Refining Co. (C. C. A.) 4 F.(2d) 463. Pirkis' device shows a punching bag secured by means of an elastic member to one of the gloves worn by the user. There is no provision for a head-band, and nothing is suggested which would enable one to conjure the use of a head-band from what is shown in this device.

Tomlinson British patent, No. 131,804 of 1919, discloses a punching bag supported from a waist band. It is obvious that the ball when struck by the user is not capable of such manipulation as is possible with the patented device. When the ball is struck, at most the inflated tube 2 would bend, to move in a short arc.

To the foregoing patents cited in the prosecution of the case, the defendant offered patent No. 1,543,346 to Titus for a head gear for exercises. This may be considered also with patent No. 1,517,147, granted to Burnett for gymnasium apparatus. Both devices show head-bands. To the head-band there is connected an elastic member, and the other end of the elastic member is attached to a fixed member, such as a hook or post fixed on the wall of the room. Neither of these devices possibly suggests the use of a punching bag. Apparently the sole purpose is to develop the muscles of the neck and back against the tension exerted by the elastic member.

In addition to the patents, there was a half-hearted attempt by the defendant to prove a prior use. This relates to a request of a Mr. Liddiatt of London, made to the defendant, to make up a device consisting of a head-band, an elastic member, and a ball attached to the free end of the elastic member. The evidence in respect to the making of the alleged sample is wholly unconvincing and certainly is not of that kind necessary to establish beyond a reasonable doubt that the sample was ever made.

■■ I find, therefore, claims 1, 5, and 7 not anticipated. It is urged, however, against them, that they show an aggregation within the meaning of Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719. The argument is advanced that the patentee has taken the head-band of Titus, the elastic member shown in Burnett, and an inflated ball, and put them together in such a way that there results an aggregation and not a combination. I think there is no force in the argument, for the reason that there is a decided co-operation among the three elements noted. Particularly is this so in view of the positioning of the head-band above the eyes of the user, and, as claim 7 more particularly states, "at a point not only above but between the eyes of the user."

It seems to me that a very novel and very useful device was produced by Costello. The utility was proved beyond question.

■ There remains for consideration the question of infringement. Plaintiffs' Exhibit 5 shows a device in all respects identical with parts made and sold by the defendant, and there can be no question that they were so made and sold to be put together and used as a punching bag. The device as thus made up infringes claims 1, 5, and 7. There is some question as to whether infringement took place between the issuance of the patent on April 8, 1930, and before filing of the bill on July 10, 1930. There is no proof that the defendant made or sold any of the infringed articles subsequent to the receipt of notice of infringement dated April 16, 1930. There is proof, however, that the defendant sold devices similar to plaintiffs' Exhibit 5 between April 8, 1930, and April 16, 1930. In so doing, the plaintiffs' rights were violated.

Plaintiffs may have a decree in accordance with this opinion. Settle decree on notice, and submit proposed findings and conclusions of law in accordance with this opinion.